1  ALEXIS A. AMEZCUA (CA SBN 247507)
   AAmezcua@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522

5  Attorneys for Defendant
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM RUTTER, JACQUELINE TABAS, NATASHA GARAMANI, CONNIE TABAS, TRISTAN YOUNG, KASRA ELIASIEH ROBERT BARKER, AND CINDY RUTTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., and DOES 1-10,<br><br>Defendants. | Case No. 4:21-cv-04077-HSG<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: December 16, 2021<br>Time: 2:00 p.m.<br>Department: Courtroom 2 – 4th Floor<br>Judge: The Honorable Haywood S. Gilliam, Jr.<br><br>FAC Filed: August 4, 2021 |

## TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ................................................................................................... 1
II. ARGUMENT ......................................................................................................... 2
    A. Plaintiffs Lack Standing and Their Claims Must Be Dismissed ............................ 2
        1. Plaintiffs Do Not Have Article III Standing For Any of Their Claims ................................................................................................ 2
        2. Plaintiffs Lack Statutory Standing ............................................................ 6
    B. Plaintiffs' First Seven Causes of Action Fail Under Rule 8 ................................. 7
    C. Plaintiffs' Claims Fail to Satisfy Rule 9(b)'s Particularity Requirement ............... 8
    D. Plaintiffs' Contract-Based Claims Independently Fail ....................................... 10
        1. Plaintiffs Have No Viable Breach of Contract Claims ............................ 10
        2. Plaintiffs Fail to Plead a Contract-Based CLRA Claim ........................... 11
III. CONCLUSION .................................................................................................... 13

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny-2217106

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*24 Hour Fitness, Inc. v. Super. Ct.*,
　66 Cal. App. 4th 1199 (1998) ...................................................................................................13

*Appling v. State Farm Mut. Auto. Ins. Co.*,
　340 F.3d 769 (9th Cir. 2003) ....................................................................................................11

*Barrett v. Apple Inc.*,
　523 F. Supp. 3d 1132 (N.D. Cal. 2021) .....................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ..............................................................................................................7, 8

*City of San Jose v. Trump*,
　497 F. Supp. 3d 680 (N.D. Cal. 2020) .......................................................................................5

*Coto Settlement v. Eisenberg*,
　593 F.3d 1031 (9th Cir. 2010) ...................................................................................................4

*Davidson v. Kimberly-Clark Corp.*,
　889 F.3d 956 (9th Cir. 2018) .....................................................................................................9

*In re iPhone 4s Consumer Litig.*,
　No. C 12–1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013) .........................................4

*Kaping v. Barrett Daffin Frappier Treder & Weiss, LLP*,
　No. 2:17-cv-00697-JAM-CKD PS, 2017 WL 2505194
　(E.D. Cal. June 8, 2017) ............................................................................................................4

*Kearns v. Ford Motor Co.*,
　567 F.3d 1120 (9th Cir. 2009) ...................................................................................................8

*Mayron v. Google LLC*,
　54 Cal. App. 5th 566 (2020) ......................................................................................................7

*Melegrito v. CitiMortgage Inc.*,
　No. C 11-01765 LB, 2011 WL 2197534 (N.D. Cal. June 6, 2011) .........................................10

*Rodriguez v. Kwok*,
　No. C 13–04976 SI, 2014 WL 889570 (N.D. Cal. Mar. 3, 2014) ..............................................7

*TransUnion LLC v. Ramirez*,
　141 S. Ct. 2190 (2021) ...............................................................................................................2

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

ii

*Yang v. Dar Al-Handash Consultants*,
 250 F. App'x 771 (9th Cir. 2007) ...................................................................................................3

**Statutes**

Cal. Bus. & Prof. Code § 17602(a)(2) .................................................................................................5

Cal. Bus. & Prof. Code § 17603 ..........................................................................................................5

Cal. Civ. Code § 1770(a) ...................................................................................................................12

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

iii

# I. INTRODUCTION

Even after having an opportunity to amend their pleading following Apple's filing of an initial motion to dismiss, and having filed past the original opposition deadline, Plaintiffs have not and cannot allege facts sufficient to establish a claim against Apple. The Opposition attempts to rewrite the First Amended Complaint ("FAC") to focus almost exclusively on a theory that iCloud was a "hidden service." (Opp'n at 1-2.) Not so, as demonstrated by the numerous publicly available statements and Terms & Conditions by Apple, which the FAC repeatedly cites. In truth, Plaintiffs' dissatisfaction is that they claim to be unable to manage their iCloud storage "in the way they would like," and "in the way they believe they have been assured they can" (FAC ¶ 21), but they still fail to point to any representations or other conduct by Apple, let alone a legal violation by Apple, that caused either their beliefs or experience. Plaintiffs identify no alleged misrepresentation by Apple regarding users' ability to manage their data; no information about data management that Apple allegedly was legally required to, but did not, disclose; and no way in which Apple allegedly misrepresented the way iCloud works or its cost. Plaintiffs simply have not alleged an injury-in-fact to establish Article III standing or an injury that results from any alleged misconduct by Apple to establish statutory standing under the UCL, FAL, or CLRA. Instead, despite the Opposition's mischaracterization, the FAC concedes that Plaintiffs received the iCloud service, that they still use and need iCloud at the storage capacities they elected, and that they never looked for an alternative. There is no injury here.

Further, Plaintiffs concede that Rule 9(b)'s heightened pleading standard applies to the entirety of their fraud-based FAC but fail to meet this standard. Arguing only that the FAC provides the "context" for their claims (Opp'n at 6), Plaintiffs identify no specific misrepresentations or omissions that were made regarding data management, much less allege that Plaintiffs were ever exposed to or relied on such misrepresentations or omissions. This is fatal to their claims. Further, because Plaintiffs' ARL-based UCL claims and breach of contract claims are duplicative and convoluted, they should be dismissed under Rule 8. Plaintiffs' contract-based claims fail for the independent reasons that Plaintiffs identify no terms that Apple allegedly breached or how such unidentified terms are unconscionable. In a final effort to save

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

1

their claims, Plaintiffs attempt to rewrite not only the FAC through their Opposition, but the statutes they claim are at issue here. Neither is permitted.

The FAC should be dismissed in its entirety.

## II. ARGUMENT

### A. Plaintiffs Lack Standing and Their Claims Must Be Dismissed

#### 1. Plaintiffs Do Not Have Article III Standing For Any of Their Claims

Plaintiffs' Opposition points to nothing establishing that they have alleged an injury-in-fact sufficient to establish Article III standing. At no point do Plaintiffs state an injury *flowing from* any misconduct on Apple's part. The most Plaintiffs point to in their Opposition is their allegation that they would not have "chosen iCloud if they had known it would be so unmanageable and expensive." (Opp'n at 3.) This boilerplate recitation, however, is insufficient to establish a concrete injury where Plaintiffs identify no legal violation, breach of a legal duty, or misrepresentation by Apple. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.").

Further, despite Plaintiffs' conclusory allegation that iCloud is "unmanageable," Plaintiffs do not allege facts (or even suggest) that any feature or aspect of iCloud makes their data more difficult to manage either under the iCloud service or compared with any other means of storage. (*See generally* FAC.) Nor do Plaintiffs allege facts establishing that Apple has engaged in any conduct that makes their data more difficult to manage. (*Id*.) Rather, Plaintiffs' claim is that they *personally* are unable to manage their data—that they chose to create, download, and store—to stay within the free 5GB of storage. (FAC ¶¶ 16-20; Opp'n at 2-3.) However, Plaintiffs do not, and cannot, point to any legal obligation on Apple's part to enable them to do so, nor do they suggest how Apple could or should manage their personal data choices.[1] Demonstrating further

---

[1] Plaintiffs contend that Apple is engaging in "circular reasoning" by asserting that data management occurs at the individual user level and is dependent on an individual user's choices (Opp'n at 4), but never explain what is "circular" about the argument. Plaintiffs offer neither allegations nor argument to suggest how Apple should or could have managed their personal data.

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

2

that Plaintiffs have not established an injury-in-fact, Plaintiffs do not dispute that none of them allege they did not receive the 5GB of free storage. (Opp'n at 3.) Even more, Plaintiffs concede that they still use iCloud at the storage capacities they elected, that they have never sought to downgrade their storage, and that they "have not looked for an alternative." (*Id*.)

Plaintiffs now attempt to argue that they have been injured because iCloud is a "hidden service" that "they did not choose and cannot manage" and because they "first learned [of iCloud] when Apple told them that their data accumulation was nearing the 5GB cap for free storage. . . ." (*Id*. at 1-2.) But these allegations are contradicted by the FAC and the very documents Plaintiffs incorporate into their pleading. The FAC alleges that "Apple mentions the service as a feature in that the 5GB of storage is provided free" (FAC ¶ 9); and that Apple "played [iCloud] as a feature . . . upon signup" (*id*. ¶¶ 133,147,159, 170, 181). Plaintiffs also concede that "Apple presents the consumer with its Terms and Conditions screen" when a consumer creates an Apple ID (*id*. ¶ 25) and that these "Terms and Conditions" explain what iCloud is: "When iCloud is enabled, your content will be automatically sent to and stored by Apple, so you can later access that content or have content wirelessly pushed to your other Cloud-enabled devices or computers" (*id*. ¶ 28); "Your Account is allocated 5GB of storage capacity as described in the iCloud feature pages" (*id*. ¶ 30); "Additional storage is available for purchase[.]" (*Id*.) Notably, the iCloud Terms and Conditions also explain how to enable and disable iCloud, how to manage one's data, and where to find more information about storage plans and pricing. (Motion at 3; Declaration of Alexis Amezcua ("Amezcua Decl.") Ex. A, iCloud Terms & Conditions, at Introduction and § III.A.). iCloud is not hidden, and it can be disabled. Where, as here, allegations are contradicted by documents incorporated by reference into the complaint, the Court need not accept them as true. *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) ("a court should not blindly accept the allegations in the pleadings as true if these allegations are contradicted by

---

Indeed, Plaintiffs acknowledge the personal nature of data management in both the FAC and Opposition when discussing each Plaintiffs' individual use of iCloud. (FAC ¶ 14 (discussing Plaintiffs' desire "to use the storage level *they need*") (emphasis added); ¶¶ 16-20 (discussing Plaintiffs' personal use of iCloud); *see, e.g.,* Opp'n at 2-3 (arguing "Tabas believes there's nothing she can do to manage *her data*") (emphasis added).)

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

3

uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed").[2]

Plaintiffs also attempt to rewrite their FAC by arguing that they allege they were billed for services they did not want or use. (Opp'n at 2-4.) Tellingly, they point to no such allegations in the FAC, and indeed, that argument is contradicted by the FAC's allegations. Plaintiffs admit that they continue to use, and need, the iCloud storage they pay for.[3] (*See* FAC ¶¶ 16-20

---

[2] Plaintiffs do not dispute the accuracy of the documents Apple requests the Court judicially notice. Instead, Plaintiffs argue that the Amezcua Declaration "lacks personal knowledge," because it "has not established that she created Apple's website or know [sic] its history, complete with the dates on which text was introduced, modified, and deleted." (Opp'n at 7, n. 7.) Plaintiffs limit their argument to documents from "Apple's website" and thus only oppose the Request for Judicial Notice with respect to Amezcua Declaration Exhibits A, B, and E-G, all of which are true and correct copies of Apple iCloud web pages referenced in the FAC. Plaintiffs cite no legal authority to support their argument that a showing of personal knowledge is required for the Court to take judicial notice of publicly available websites and, indeed, the law is contrary to Plaintiffs' position. Courts analyzing a motion to dismiss can and do take judicial notice of publicly available websites, including pages from Apple's website. *See Kaping v. Barrett Daffin Frappier Treder & Weiss, LLP,* No. 2:17-cv-00697-JAM-CKD PS, 2017 WL 2505194 at *3 (E.D. Cal. June 8, 2017) (an internet webpage with a "designation, such as a URL web address . . . w*ould tend to self-authenticate its veracity*") (emphasis added); *see also In re iPhone 4S Consumer Litig.*, No. C 12–1127 CW, 2013 WL 3829653, at *5-6 (N.D. Cal. July 23, 2013) (taking judicial notice of Apple webpages referenced in the complaint); *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1143-44 (N.D. Cal. 2021) (taking judicial notice of Apple webpages referenced and relied on in the complaint). Here, Exhibits A, B, and E-G each contain sufficient information to self-authenticate; each contain both a URL for the publicly available website and a date stamp. Plaintiffs also reference and rely on each of these webpages in their FAC. (*See* FAC ¶ 37 ("Apple directs the consumer to 'Official Apple Support' but it is an iTunes page that has nothing clearly to do with iCloud."); ¶ 38 ("The consumer can further click on either 'iCloud Support' or 'Manage your iCloud storage.'"); ¶ 39 ("iCloud support leads a consumer to 'Find my iPhone,' 'iCloud storage,' 'iCloud Photos,' 'iCloud backup' and 'iCloud drive.'"); ¶ 40 ("If the consumer clicks 'downgrading,' Apple directs the consumer to an 'iCloud help' page."); ¶ 42 ("If a consumer types 'downgrading' into the 'Search iCloud Help' bar . . .").) Moreover, Exhibit A—the iCloud Terms and Conditions—is explicitly quoted and referenced in the FAC and Plaintiffs purport to rely on the iCloud Terms and Conditions for their contract-related claims. (*See* FAC, Causes of Action 6-7, 13.) The Court can properly take judicial notice of Exhibit A on that ground alone. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (courts can take judicial notice of documents a complaint "necessarily relies upon").

[3] Plaintiffs' only counterargument regarding their lack of Article III standing to seek injunctive relief is that it "is not true" that there is no threat of repeated injury, but they offer no support for this conclusory statement. (Opp'n at 2, n.1.) In fact, for the reasons explained in Apple's opening brief and herein, Plaintiffs have not pled any allegations sufficient to show that they have been wronged at all, nor that they are threatened with future injury. Plaintiffs' only theory of future injury is that they may be charged for iCloud storage in the future, but Plaintiffs

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

4

(describing continued use of iCloud).) That Plaintiffs were unable to manage their personal data in a manner "they would like" hardly amounts to a claim that they were billed for storage they did not need or use.[4] As explained in Apple's opening brief, to the extent Plaintiffs premise their theory on purported violation of the ARL, that statute does not apply to the 5GB of free storage—which Plaintiffs do not and cannot dispute—and Plaintiffs have not established an injury for those Plaintiffs who upgraded their storage plans, which they admit that they continue to need and use. Recognizing that they have not alleged injury resulting from a violation of the ARL, Plaintiffs attempt to rewrite and broaden the statute. Without any legal basis and citing no legal authority, Plaintiffs argue that the ARL applies generally to the "charging of cards without consent" for the purchase of a "computer itself."[5] (Opp'n at 9.) It does not: the ARL applies only to the charging of a "consumer's credit or debit card" for "an automatic renewal or continuous service." *See* Cal. Bus. & Prof. Code § 17602(a)(2). And Plaintiffs' attempt to argue that the ARL's unconditional gift provision applies to the "computer products that Apple sold" is a red herring. (Opp'n at 9.) Plaintiffs' entire pleading is regarding the manageability of iCloud, *a service*. The unconditional gift provision does not apply to services, and Plaintiffs make no effort to distinguish the authorities holding that this is so. (Motion at 11-12.) Further, the unconditional gift provision applies to the sale of "goods, wares, merchandise, or products to a consumer, *under a continuous service agreement or automatic renewal of a purchase*." Cal. Bus. & Prof. Code § 17603 (emphasis added). Plaintiffs admit that they purchased their computers in a single transaction.

---

never allege that they were charged for iCloud storage that they did not need or use, nor do they allege any facts to suggest that will happen in the future. (Motion at 8-12.)

[4] In arguing that they have suffered economic injury, Plaintiffs cite to *City of San Jose v. Trump*, 497 F. Supp. 3d 680, 710 (N.D. Cal. 2020)—the only case law cited in the entire Opposition, apart from two cases cited by Apple in its Motion. Plaintiffs' reliance on this case is misplaced. Not only was *City of San Jose* vacated, but its discussion of injury due to then-President Trump's policy to exclude undocumented immigrants from the apportionment base has no bearing on Plaintiffs' purported injury here—that they were unable to manage their own data. *Id*. (finding that plaintiffs alleged injury given the potential loss of a congressional seat and impacts on redistricting and federal funding).

[5] It is unclear exactly what Apple products Plaintiffs seek to cover under their FAC or which products Plaintiffs own, as Plaintiffs confusingly refer to all products as "computers" or a "computer." (*See generally* FAC and Opp'n.)

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

5

(FAC ¶¶ 14, 21.)

Perhaps recognizing that they have not sufficiently alleged any injury, Plaintiffs attempt to mischaracterize Apple's arguments to keep their pleading alive. For example, Plaintiffs contend that Apple argues "small" monthly charges are "insufficient economic injury for standing." (Opp'n at 3-4.) But no such argument appears in Apple's motion. A reading of Apple's opening brief demonstrates that in countering Plaintiffs' allegation that iCloud is "expensive" (FAC ¶ 21), Apple noted Plaintiffs' contradictory allegations that iCloud is provided "at no cost" for the free 5GB of storage and for "small monthly payments" for upgraded storage plans. (Motion at 8-9; FAC ¶¶ 7, 10, 30, 33, Ex. 9.) Similarly, Plaintiffs contend that Apple argues that "there is nothing obligating it to treat its customers fairly" and that "Apple may invade any purported interest at will and without consequence." (Opp'n at 5.) Again, Apple makes no such arguments. Plaintiffs fail to allege any injury attributable to any alleged misconduct by Apple; the Opposition does not change this.

### 2. Plaintiffs Lack Statutory Standing

Nor do Plaintiffs have statutory standing to pursue their claims. Plaintiffs appear to argue that they have sufficiently alleged claims under the ARL, UCL, FAL, and CLRA because these statutes "require companies to treat their consumers fairly" and these "laws apply to selling data management services."[6] (Opp'n at 4-5.) But the UCL, FAL, and CLRA each have statutory standing requirements that require allegations that a plaintiff's injury was the *result* of an alleged statutory violation, which Plaintiffs do not allege. (Motion at 12-15.) Further, Plaintiffs do not and cannot allege that there is anything "unfair" about their personal inability to manage their own data to stay within storage limits that are their personal decision. Indeed, Plaintiffs do not even discuss any of the tests for alleging "unfairness" under the UCL, let alone attempt to demonstrate that any of these tests was met. (*See generally* FAC and Opp'n.)

---

[6] The Opposition's assertion that "Apple has not denied that its Terms and Conditions apply these California laws to its customers nationwide" again attempts to obfuscate the FAC's deficiencies. (*See* Opp'n at 5, n.3.) Whether out-of-state Plaintiffs such as William Rutter (Pennsylvania) and Garamani (Colorado) may bring California claims does not address Plaintiffs' standing deficiencies for all Plaintiffs' claims, whether they are or are not California residents.

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

6

| | |
|---|---|
| 1 | Plaintiffs' attempt to establish statutory standing by relying on *Mayron II* ignores the |
| 2 | holding of that case.  (Opp'n at 8.)  *Mayron II* held that the plaintiff could have established |
| 3 | standing under the UCL based on an alleged ARL violation if he had alleged that he would not |
| 4 | have ordered the increased storage if the defendant made the disclosures required by the ARL |
| 5 | regarding automatic renewals, or if he had alleged he would have cancelled the additional storage |
| 6 | if it were easier to do so.  *See Mayron v. Google LLC*, 54 Cal. App. 5th 566, 574 (2020). |
| 7 | Plaintiffs here do not and cannot allege that they either would not have ordered increased storage |
| 8 | based upon the ARL-required disclosures regarding automatic renewal or that they would have |
| 9 | cancelled iCloud.  This is clear from each Plaintiffs' continued use of the iCloud service, and the |
| 10 | lack of any allegations that Plaintiffs ever attempted to cancel their iCloud service or look for an |
| 11 | alternative product, even after allegedly discovering the purported difficulty in managing their |
| 12 | data.  (FAC ¶¶ 16-20.)  Plaintiffs unilaterally assert—without any legal authority—that their |
| 13 | alleged challenges with managing their personal data "in the way they would like" (FAC ¶ 21) |
| 14 | implicates the ARL's cancellation disclosure and policy requirements.  (Opp'n at 6.)  Not so. |
| 15 | Plaintiffs' alleged issue with managing their data has nothing to do with the cancellation policies |
| 16 | and procedures to which the ARL applies, and Plaintiffs neither rely on any legal authority nor |
| 17 | provide any rationale for why it should. |
| 18 | For all of the above reasons and as stated in Apple's opening brief, Plaintiffs fail to allege |
| 19 | any injury caused by Apple and thus all of their claims should be dismissed for lack of standing. |

### B. Plaintiffs' First Seven Causes of Action Fail Under Rule 8

| | |
|---|---|
| 21 | Plaintiffs make no effort to explain why Causes of Action 1 through 7 should not be |
| 22 | dismissed for failure to satisfy Rule 8's requirement that Plaintiffs provide a "short and plain |
| 23 | statement" of the facts in order to "give the defendant fair notice of what the . . . claim is and the |
| 24 | grounds upon which it rests"—even after Plaintiffs have already had one opportunity to amend |
| 25 | their complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (quoting Fed. R. Civ. |
| 26 | P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Instead, through two footnotes, Plaintiffs |
| 27 | attempt to use their Opposition to amend and clarify their convoluted and confusing claims. |
| 28 | (Opp'n at 5 n.5, 6 n.6.)  They cannot do so.  *See Rodriguez v. Kwok*, No. C 13–04976 SI, 2014 |

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

7

WL 889570, at *6 (N.D. Cal. Mar. 3, 2014) ("Statements made in an opposition brief cannot amend the complaint.") (citing *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.")).

Even if the Court were to consider Plaintiffs' attempts to clarify their FAC, these causes of action still fail under Rule 8. For example, Causes of Action 1 and 5 both are styled with the language "continuous service offer and automatic renewal offer," and both allege an ARL violation based on Apple's alleged failure "to obtain the consent of consumers before binding them to a continuous service offer and automatic renewal offer." (*Cf.* FAC ¶¶ 48, 92.) Causes of Action 1 through 3 rely on the same allegations pertaining to Apple's alleged failure to provide an acknowledgement detailing how to cancel iCloud. (*Cf.* FAC ¶¶ 50, 61-62, 70.) Causes of Action 6 and 7 each combine a claim for breach of contract *and* a UCL violation premised on a breach of contract without specifying which distinct legal theory Plaintiffs will pursue against Apple. Such repetitive and ambiguous pleading neither is "short and plain," nor provides Apple "notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554-55 (citations omitted).

### C. Plaintiffs' Claims Fail to Satisfy Rule 9(b)'s Particularity Requirement

Plaintiffs do not dispute that the FAC sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that, where a plaintiff alleges "a unified course of fraudulent conduct" and "rel[ies] entirely on that course of conduct as the basis of that claim," the claim is grounded in fraud regardless of its label, and Rule 9(b) applies). Yet, Plaintiffs do not identify *any* specific misrepresentations or omissions that Apple allegedly made regarding iCloud or data management. Plaintiffs' vague allegations that Apple engaged in misrepresentations and omissions, without saying what those misrepresentations or omissions were, or what specific representations or

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

8

omissions Plaintiffs read and relied on, is fatal under Rule 9(b).[7]

To counter Plaintiffs' failure to comply with Rule 9(b), the Opposition merely asserts that Plaintiffs have "sufficiently alleged the *context* of the misrepresentations and omissions at issue" and have "provided enough detail so Apple has notice of the particular representations and omissions, and the *contexts* in which they were made[.]" (Opp'n at 6, 7 (emphasis added).) Plaintiffs cite no legal authority for the proposition that providing the "context" of an alleged misrepresentation or omission satisfies Rule 9(b). It does not: Rule 9(b) requires that Plaintiffs allege the specific misrepresentation or omission they relied on. That is, Rule 9(b) requires a plaintiff to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (internal quotation marks and citation omitted). Plaintiffs' FAC does not come close to satisfying this requirement and Apple has no notice of the particular representations on which Plaintiffs base their claims.

Notably, Plaintiffs have taken contradictory positions in their FAC and Opposition as to whether, and to what extent, they were aware of iCloud. For example, Plaintiffs contend they "don't remember ever signing up for iCloud, [and] encountered it first when their data accumulation pushed against the 5GB cap for free storage" (FAC ¶ 14), while also alleging they were unable to manage their data "in the way they believe they have been assured they can by Apple" (*id.* at ¶ 21), and that they "have struggled with Apple's representation they could manage the service on their computer so as to use no more than the storage level they need[.]" (Opp'n at 2.) Plaintiffs' allegations are flatly inconsistent. Apple could not have "hidden" iCloud from Plaintiffs while also making alleged "assurances" or "representations" concerning Plaintiffs' data management with iCloud. In any event, Plaintiffs never identify any specific representations or omissions Apple made or that they saw and relied on in managing their data. The allegations Plaintiffs cite in their Opposition provide, at best, only vague references to the general *timing* of

---

[7] Plaintiffs' FAC references only unspecified "advertise[ments,]" "assur[ances,]" and "representations," without providing any specific details. (*See* FAC ¶¶ 16, 21.)

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

9

unspecified misrepresentation or omissions. (*See, e.g.*, Opp'n at 6 (repeating allegation of "misrepresentations and omissions r*egarding data management at time the consumer approaches the 5GB limit* and is presented with the false choice of paying or managing data storage . . . .") (emphasis added).) Yet, no Plaintiff alleges they ever saw or relied on these alleged misrepresentations, nor even what they were. Plaintiffs' failure to identify any specific representations or omissions they saw and relied upon or to identify any such representations Apple *ever made* concerning data management warrants dismissal of Plaintiffs' claims for failure to satisfy Rule 9(b)'s heightened pleading requirement. (Motion at 16-19.)

### D. Plaintiffs' Contract-Based Claims Independently Fail

Plaintiffs' two breach of contract claims and their CLRA unconscionability claim each fail as a matter of law.

#### 1. Plaintiffs Have No Viable Breach of Contract Claims

Plaintiffs' Opposition only highlights the deficiencies of Plaintiffs' breach of contract claims—Plaintiffs allege no contractual obligations or breach underlying these causes of action. In their Opposition, Plaintiffs state: "the breach of the 6th [cause of action] is failure to explain how to manage stored data upon downgrading (¶107), while the 7th [cause of action] is failure to explain how to manage data so as to retain the free 5GB (¶125)." (Opp'n at 6, n.6.) While Plaintiffs contend that Apple was obligated to help them manage their data, Plaintiffs do not identify with any specificity, either in their FAC or Opposition, any express terms in the iCloud Terms and Conditions obligating Apple to do so. *See Melegrito v. CitiMortgage Inc.*, No. C 11-01765 LB, 2011 WL 2197534, at *12 (N.D. Cal. June 6, 2011) ("Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity") (citation omitted). Instead, the Sixth and Seventh Causes of Action generally reference three sections of the iCloud Terms and Conditions that Plaintiffs contend set out promises that users can: (i) downgrade their iCloud storage plan (Amezcua Decl. Ex. A, iCloud Terms & Conditions, § III.A); (ii) cancel their subscription (*Id.*, § III.B); and (iii) stop using the iCloud storage service at any time (*Id.*, § VII.A). (FAC ¶¶ 102, 104, 122.) None of these provisions create an obligation for Apple to "explain how to manage data" (Opp'n at 6, n.6), and

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

10

Plaintiffs do not allege how Apple breached any of these provisions or that they tried to downgrade, cancel, or stop using their iCloud storage.[8]

Unable to identify any express iCloud terms to support their claim, Plaintiffs instead attempt to manufacture Apple's alleged obligation by relying on "implied" promises that Apple would help them manage their personal data. (*See* FAC at ¶ 107 ("Apple's failure to explain how to manage stored data upon downgrading, canceling or stopping the use of iCloud is a breach of the implied in fact terms of its contract").) Plaintiffs also contend that Apple breached the implied covenant of good faith and fair dealing by failing to provide Plaintiffs with the "right to receive the benefits of their agreement." (Opp'n at 7, n.8.) Both arguments are without merit. First, Plaintiffs put forth no factual or legal support to suggest Apple ever entered into or breached such implied-in-fact terms, or that Plaintiffs can rewrite the iCloud Terms and Conditions to impose such obligations on Apple. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 779 (9th Cir. 2003) (the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement"). Second, Plaintiffs do not (and cannot) allege that they did not "receive the benefits of their agreement." No Plaintiff alleges they did not want, receive, or use the free 5GB of iCloud storage provided at no cost, or that they did not want, need, or use any additional iCloud storage they elected to purchase. In fact, Plaintiffs concede that they each continue to use iCloud. (FAC ¶¶ 16-20; Opp'n at 3.) Consequently, Plaintiffs' breach of contract claims fail.

### 2. Plaintiffs Fail to Plead a Contract-Based CLRA Claim

Plaintiffs' Opposition also demonstrates that Plaintiffs have no viable CLRA claim based on unconscionability. As an initial matter, Plaintiffs cite no authority to support their argument that the CLRA applies to the *free* 5GB of iCloud because of an alleged ongoing "income stream" to Apple. The plain language of the CLRA makes clear that it does not; the CLRA applies only

---

[8] The only allegation of a downgrade attempt contained in the FAC does not involve any alleged Apple conduct. Plaintiff Garamani alleges she tried to downgrade her iCloud storage service, but was unable to do because she "*could not remember her password*." (FAC ¶ 18 (emphasis added).)

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

11

to a "transaction intended to result or that results in the *sale* or lease of goods or services." *See* Cal. Civ. Code § 1770(a) (emphasis added). As Plaintiffs themselves admit, users can manage their data to stay within the 5GB limit of iCloud and avoid any *sale* of additional iCloud storage. Plaintiff William Rutter and Plaintiff Barker, like 80% of iCloud users as alleged by Plaintiffs, have done just that. (*See* FAC ¶¶ 8, 16, 20.) Thus, the CLRA has no application to the 5GB of free iCloud storage. To the extent Plaintiffs purport to allege the 5GB of iCloud storage is priced into Apple's "computer" products and therefore is not actually free, Plaintiffs offer no legal support for this statement and do not contend that they did not need or want the 5GB of iCloud storage, or that they somehow paid too much for an Apple product because the product included this *free* service. (Motion at 7-15, 20.)

To the extent Plaintiffs base their CLRA unconscionability claim on the actual sale of additional iCloud storage, this claim likewise fails because Plaintiffs have not (and cannot) allege that any specific iCloud Terms and Conditions were either procedurally or substantively unconscionable, notwithstanding they are required to allege both. Plaintiffs' FAC provides only the conclusory assertion that "Apple has imposed unconscionable contract terms." (FAC ¶ 193.) Plaintiffs once again attempt to use their Opposition to amend their inadequate and conclusory claim, arguing that they have alleged procedural unconscionability "due to the hidden terms of iCloud service in Apple's sale of its computer products and Plaintiffs' awareness from Apple only at the point of having to pay for continued service[.]" (Opp'n at 8.) That allegation, irrelevant as it is, is absent from the FAC, contradicted by the FAC and documents Plaintiffs themselves reference, and is wholly inadequate to state an unconscionability claim. (*See* Amezcua Decl. Ex. A, iCloud Terms & Conditions, at Introduction.) Further, Apple provides users with the ability to opt out of iCloud when they register their Apple ID. (*Id*.)

As for substantive unconscionability, Plaintiffs do nothing more than state the standard to plead this element and contend that a "reasonable juror could conclude" that Apple's "scheme . . . shocks the conscience and imposes harsh or oppressive terms." (Opp'n at 8.) That conclusory allegation and any facts to support it are absent from the FAC. Plaintiffs provide no allegations as to which, if any, terms contained in the iCloud Terms and Conditions either "shock the

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

12

conscience," or "impose harsh oppressive terms." *See 24 Hour Fitness, Inc. v. Super. Ct.*, 66 Cal. App. 4th 1199, 1213 (1998). Absent these allegations, Plaintiffs have no viable unconscionability claim to assert under the CLRA.

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss Plaintiffs' FAC in its entirety.

Dated: October 20, 2021

ALEXIS A. AMEZCUA
MORRISON & FOERSTER LLP

By: /s/ Alexis A. Amezcua
    ALEXIS A. AMEZCUA

Attorneys for Defendant
APPLE INC.

DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO.: 4:21-CV-04077-HSG
ny- 2217106

13